IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30478
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus


MARLON DICKERSON,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. CR-95-189-N
- - - - - - - - - -

October 22, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Marlon Dickerson argues that the evidence was not sufficient
to support his convictions for conspiracy and armed robbery of a
postal worker.[1]  Because Dickerson did not file a motion for a
judgment of acquittal during or after his trial, his claim is

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

     [1] The district court sentenced Dickerson to concurrent
prison terms of 78 months for the conspiracy and armed robbery
counts, respectively.

only reviewable to determine whether his conviction amounted to a manifest miscarriage of justice. United States v. Laury, 49 F.3d 145, 151 (5th Cir.), cert. denied, 116 S. Ct. 162 (1995). The evidence overwhelmingly showed that Dickerson and a cohort entered into an agreement to rob a postal worker of his mail bag and that Dickerson effected the robbery by employing a weapon which placed the postal worker's life in danger. Dickerson's convictions for conspiracy and armed robbery did not result in a manifest miscarriage of justice.

Dickerson also argues that the district court failed to instruct the jury properly on several elements of the offenses. Because Dickerson did not file objections to the district court's instructions, we will only reverse the district court if it committed plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994). The instructions given by the court were sufficient; even if they were erroneous in some respects, they did not prejudice Dickerson's substantial rights.

Dickerson next argues that the district court erred in enhancing his base offense level under U.S.S.G. § 2B3.1(b)(1). Dickerson did not file an objection to the adjustment in the district court. Dickerson has not demonstrated that the district court plainly erred in its application of this provision of the guidelines. See United States v. Alexander, 48 F.3d 1477, 1491-93 (9th Cir. 1995).

Finally, Dickerson argues that the district court erred in sentencing him above the statutory maximum sentence for the conspiracy conviction. The maximum statutory penalty for a violation of 18 U.S.C. § 371 is a fine or imprisonment of "not more than five years, or both." 18 U.S.C. § 371. Because the 78-month term of imprisonment imposed by the district court for the conspiracy conviction exceeded the statutory maximum, we VACATE that portion of the sentence and REMAND for resentencing on that count.

AFFIRMED in part as to conviction and sentence; sentence VACATED in part and REMANDED for resentencing on the conspiracy count.